UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TROY L. TAYLOR,

                  Petitioner,                               Civil No. 07-160-HA

     v.                                        ORDER

J.E. THOMAS,
Warden, FCI-Sheridan,

                  Respondent.

_____

HAGGERTY, District Judge:

      Petitioner filed for a Petition for Writ of Habeas Corpus relief on February 1, 2007.  He

invoked this court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(4).  Petitioner is a federal

prisoner incarcerated by the Bureau of Prisons (BOP) at the Federal Correctional Institution in

Sheridan, Oregon (FCI-Sheridan).   Petitioner alleged that the BOP wrongfully delayed

performing its duty to process his request to be placed in the BOP's Residential Drug and

Alcohol Treatment Program (RDAP).  As an equitable remedy, petitioner requested that the BOP

be ordered to consider petitioner's application for RDAP participation "forthwith."  Reply at 6.

1 - ORDER

This court entered Judgment against petitioner on December 5, 2007, concluding that petitioner failed to exhaust his administrative remedies prior to initiating this action. Petitioner appealed, and while that appeal was pending, the United States Court of Appeals for the Ninth Circuit issued its ruling in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008). The Ninth Circuit then granted a joint motion remanding this action to this court for consideration of petitioner's claim that – under *Arrington* – he is eligible for RDAP and a possible sentence reduction. *See* Docket [18].

After remand, petitioner filed a Motion for Judgment [20], and submitted a proposed Order that directed the BOP to "consider petitioner categorically eligible in accordance with BOP Memorandum issued on March 28, 2008, providing guidance to BOP staff for determining prisoners' eligibility for early release under [*Arrington*] and reduce his sentence under 18 U.S.C. § 3621(e) upon his successful completion of the residential substance abuse treatment program."

Counsel for the parties obtained extensions for conferring and briefing the issue of determining the proper scope of a Judgment to enter in light of the Ninth Circuit remand and the decision in *Arrington*, but were unable to reach a resolution. On October 8, 2008, the BOP reevaluated petitioner's eligibility for the § 3621(e) early release benefit in light of *Arrington*, found petitioner eligible for possible sentence reduction benefits, and has enrolled petitioner in RDAP. Accordingly, respondent filed a Motion to Dismiss [29] asserting that petitioner's Motion for Judgment is now moot because the BOP has granted petitioner the relief he sought in his petition in accordance with the decision in *Arrington*.

Petitioner objects, asserting (in contrast to his earlier proposed Order) that although he has been granted the RDAP eligibility his petition sought, his petition should not be deemed

2 - ORDER

moot because he is also entitled to additional relief in the form of a reduction or termination of his post-sentence supervised release.

**ANALYSIS**

Pursuant to the reasoning presented in this court's related ruling in *Kittel v. Thomas*, Civil No. 07-851-KI, 2009 WL 1882832 (D. Or. June 29, 2009), the petition [2] is granted in part as follows: the BOP is acknowledged to have failed to properly evaluate petitioner's eligibility for entry into RDAP and for a possible sentence reduction upon completion of RDAP. However, because the undisputed representations from respondent establish that the BOP reevaluated petitioner's eligibility for the § 3621(e) early release benefit in light of *Arrington*, found petitioner eligible for possible sentence reduction benefits, and has enrolled petitioner in RDAP, the remainder of the petition has been rendered moot.

Petitioner requests that this court grant his petition in a manner that could serve as "a basis for seeking adjustment of his supervised release term 'in the interests of justice.'"  Obj. Mot. Dismiss at 4.  This request is denied as an improper attempt to obtain an advisory opinion.

Of course, petitioner may seek such relief as is appropriate from his sentencing court, and may elect to present arguments related to the issues presented here in hopes of obtaining a reduction in his post-prison supervision.  He is not, however, entitled to a Judgment regarding the petition presented in this action that would compel that relief.

**CONCLUSION**

Petitioner's Petition for Writ of Habeas Corpus [2] and Motion for Judgment [20], and respondent's Motion to Dismiss [29] are granted in part.  The BOP is acknowledged to have failed to properly evaluate petitioner's eligibility for entry into RDAP and his eligibility for a

possible sentence reduction upon completion of RDAP.  Because petitioner has obtained the

relief he sought in his petition, the remainder of the petition has been rendered moot.

     IT IS SO ORDERED.

     DATED this  11   day of August, 2009.


             /s/ Ancer L. Haggerty
             Ancer L. Haggerty
          United States District Judge

4 - ORDER